Turley, J.
delivered the opinion of the court.
This is an action upon an award for the sum of fifty-seven dollars, forty cents, commenced by warrant before a Justice of the Peace; and the question presented for consideration is, whether that tribunal has jurisdiction of the subject matter of controversy.
It appears, that the arbitrators to whom the matter in dispute was referred by the plaintiff*and defendant in error, awarded that the plaintiff was indebted to the defendant in the sum of fifty-seven dollars and forty-five cents and costs.
*440 The jurisdiction of a Justice being given by statute, is necessarily limited to the cases provided for, and cannot be extended by implication,
The act of 1835, ch. 17, provides, that Justices of the Peace shall have and exercise jurisdiction over all debts and demands due on any specialty, note or agreement, signed by the party to be charged therewith, on which the judgment will not sound in damages, and over all settled accounts, signed by the parties, when the amount claimed to be due on such specialty, note, agreement or account does not exceed one hundred dollars; and over all sums not exceeding fifty dollars, which may be due by open account, whether for wares, goods and merchandise sold and delivered, work and labor done, or for specific articles, or by contract in writing signed by the party to be charged therewith, on which the judgment would sound in damages, whether due by obligation, note or assumpsit.
The amount sued for in this case being over fifty dollars, the question is, whether the statute includes it, and we are of opinion that it does not; for although an award does not sound in damages, and an action of debt is the proper remedy thereon, yet the amount given by it is not due by a specialty, note or agreement signed by the party to be charged, nor by a settled account signed by the parties, and by the express wording of the statute this jurisdiction is restricted to this class of cases.
It has been argued, that the award having been reduced to' writing and signed by the arbitrators, it is to be considered as a settled account signed by the parties, the arbitrators being their agents for that purpose. We do not think so. An arbitrator is not an agent; he is not acting for and in the stead of the party selecting him, whose interest it is his bounden duty to protect, but as a person vested with power by the law to examine and determine the matters in controversy, which have been submitted to him, and whose imperative duty it is to do equal justice to the parties disputant; his duties are more of a judicial than a fiduciary character, and his determination partakes more of the nature of a judgment against, than a contract on the part of the person to be charged; and therefore, where the award has been made in good faith, and in accordance to *441 the forms required, it is binding and conclusive upon the parties; and it has to be sued upon only, because an arbitrator is not vested with power to enforce his decrees by execution, which is the end of the law.
But it is further argued, that as the parties to 'this award bound themselves by bond in a penalty of one hundred dollars to abide by and perform the award, that this suit may be maintained upon the bond, it being a specialty signed by the party to be charged. It is true that it is a specialty 'and signed by the party, and thus far complies with the requirements of the statute, but more than this is required'to give the Justice jurisdiction. The action to be brought upon it must not.sound in damages, which an action upon this bond must, whether it be debt or covenant. It is a specialty, not for the absolute and unconditional payment of one hundred dollars, but for a penalty of one hundred .dollars, void upon condition that the party against whom the award may be made shall abide by and perform it. The judgment, then, in an action upon it, is for the amount of the penalty, to be discharged by the payment of the damages sustained by a breach of the covenant, which, although it cannot be for more than the penalty, may be for less: for the act of 1801, ch. 6, sec. 66, provides, than in all actions of debt, which shall be brought, upon any bond or bonds for the payment of money, or upon bonds with collateral conditions, wherein the plaintiff shall recover, judgment shall be given for the penalty of the bond, to be discharged by the payment of the principal and the interest thereon, or the damages assessed by a jury and the costs of suit. Then, before judgment could be given upon this bond, the amount of damages sustained by its breach must be assessed, which to the extent here given can only be done by a jury.
The judgment of the Circuit Court, sustaining the justice, is erroneous, and must be reversed and arrested.